UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN K. VAN ORDEN, Personal Representative of the Estate of Crystal Rhea Bannister; ROBERT BANNISTER, a legal heir of Crystal R. Bannister; and MICHELLE WALESKE, a legal heir of Crystal R. Bannister,<br><br>Plaintiffs,<br><br>v.<br><br>CARIBOU COUNTY; CARIBOU COUNTY SHERIFF'S DEPARTMENT; RIC L. ANDERSON, in his individual and official capacities; MICHAEL HADERLIE, in his individual and official capacities; BROCK LOPEZ, in his individual and official capacities; HEATH S. DOWNS; BRANDY BREDEHOFT; JUDY PROBART LONG; JODI SUTER; BRETT SMITH; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 4:10-CV-385-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion to Dismiss (Dkt. 23). The Court heard oral argument on March 1, 2011. Being familiar with the record, and having considered the parties' briefing and arguments at hearing, the Court will deny the Motion, for the reasons set forth in this decision.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

Plaintiff Alan Van Orden is the personal representative of the estate of Crystal R. Bannister. Plaintiffs Robert Bannister and Michelle Waleske are Crystal's parents and the legal heirs to her estate. Crystal was in custody at the Caribou County Jail on August 25, 2009, when she committed suicide by hanging herself in her jail cell. Defendants include Caribou County, the Caribou County Sheriff's Department, and employees of the Caribou County Jail at the time of Crystal's death. According to the Complaint, Crystal told Defendants, when she was taken into custody, that she had attempted suicide a few days earlier. Plaintiffs also allege that Crystal told Defendants she was receiving medical treatment for, and had been prescribed medications to address severe depression and anxiety. *Compl.*, Dkt. 1.

Plaintiffs filed suit against Defendants asserting a cause of action under 42 U.S.C. § 1983 for violations of Crystal's rights under the Eighth and Fourteenth Amendments.[1] Plaintiffs also bring a state cause of action for negligence. Defendants now move to dismiss the Complaint in its entirety asserting, among other arguments, lack of standing.

## LEGAL STANDARD

Defendants seek dismissal for failure to state a claim on which relief can be granted. When a defendant brings such motion after answering the complaint, the motion is treated as one for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c),

---

[1] Plaintiffs have moved to amend the complaint to add a cause of action under § 1983 for violations of the rights of Crystal's parents – Plaintiffs Bannister and Waleske – under the First and Fourteenth Amendments. In light of the stay on discovery, the motion to amend – filed after Defendants' motion to dismiss – will be considered separately.

rather than Rule 12(b)(6). *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 n. 2 (9th Cir. 1992). Motions to dismiss under Rules 12(c) and 12(b)(6) differ only in the time of filing; for both, the same legal standard applies. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(c) or 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ANALYSIS

As an initial matter, Plaintiffs concede that their cause of action under § 1983 properly asserts a violation of Crystal's rights under the Fourteenth, but not the Eighth Amendment. An Eighth Amendment claim is inapplicable because Crystal was a pre-trial detainee, and not a convicted prisoner when the alleged violation occurred. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1985). The Court will address only Plaintiffs' § 1983 claim under the Fourteenth Amendment, and will direct Plaintiffs to exclude the Eighth Amendment claim, initially pleaded, from their Amended Complaint.

1. **Standing To Pursue § 1983 Action On Behalf Of Victim Whose Death Allegedly Resulted From Constitutional Violation**

The U.S. Supreme Court has recognized that Fourteenth Amendment rights are personal in nature, and cannot be asserted vicariously. *Shelley v. Kraemer*, 334 U.S. 1, 22 (1948). However, where an individual injured by a constitutional violation dies, the decedent's § 1983 claim may survive. *Tatum v. San Francisco*, 441 F.3d 1090, 1093 n. 2

(9th Cir. 2006). Survivorship of a decedent's § 1983 claim is governed by 42 U.S.C. § 1988, concerning the applicability of statutory and common law where federal law is silent about an issue arising in a federal civil rights action. *See Robertson v. Wegmann*, 436 U.S. 584, 588 (1978).

Section 1988 establishes the following three step analysis. 42 U.S.C. § 1988; *Robertson*, 436 U.S. at 587-90. First, the Court determines whether the issue before it is addressed by federal law. *Id.* Absent a federal statute, the Court next examines whether the law of the forum state addresses the issue. *Id.* Finally, the Court considers whether application of state law would conflict with the policies underlying the cause of action before the Court. *Robertson*, 436 U.S. at 590 (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465 (1975)).

The issue here, the survivability of § 1983 actions, is not addressed by federal statute. *Robertson*, 436 U.S. at 589 (citing *Moor v. Cy. of Alameda*, 411 U.S. 693, 702 n. 14 (1973)). Looking to state law, Idaho has no survivor statute. *See Evans v. Twin Falls Cy.*, 796 P.2d 87 (Idaho 1990); *Anderson v. CMS*, 2005 WL 3263896 (D. Idaho 2005). Thus, under Idaho law, § 1983 claims would abate or otherwise be precluded upon a would-be claimant's death. The question under the third step of § 1988 is whether abatement or preclusion of § 1983 claims conflicts with the policies underlying § 1983.

The purpose of § 1983 is two-fold: (1) providing a remedy for those injured by constitutional violations; and (2) deterring or preventing constitutional violations by state actors. *See Robertson*, 436 U.S. at 591. State law is not inconsistent with federal law

simply because it causes a plaintiff to lose on her claim. *Id.* at 594. But where the purposes of § 1983 are thwarted, regardless of the impact on a particular plaintiff, the Court will decline to enforce the conflicting state law.

Plaintiffs here argue that Idaho's lack of a survivor statute is inconsistent with § 1983, and thus should not be applied to preclude Plaintiffs' claims on behalf of the decedent, Crystal. The Court agrees.

Defendants cite a number of cases for the proposition that the forum state's law concerning survivorship is determinative of whether Plaintiffs have standing to bring claims on Crystal's behalf. The primary case, *Robertson*, is factually distinguishable for two reasons. First, the forum state in *Robertson*, Louisiana, had a state survival statute. Under that statute, a civil rights action could only survive in favor of a spouse, children, parents or siblings. *Id.* at 591. The statute precluded a personal representative from substituting on behalf of plaintiff in a civil rights action upon plaintiff's death. The *Robertson* Court concluded that the purpose of § 1983, to compensate those injured by civil rights violations, was not undermined by Louisiana's survivor statute.

Also in contrast to this case, the decedent's death in *Robertson* was unrelated to the constitutional violation alleged. Absent a connection between the constitutional violation and the death of alleged victim, § 1983's policy of deterrence is unaffected. In a state where the survivor law precludes a civil rights action, a constitutional violation that results in death would also preclude a remedy under § 1983 on decedent's behalf. In such circumstance, § 1983's purpose of deterrence is undermined. The court in *Robertson* made

simply because it causes a plaintiff to lose on her claim. *Id.* at 594. But where the purposes of § 1983 are thwarted, regardless of the impact on a particular plaintiff, the Court will decline to enforce the conflicting state law.

Plaintiffs here argue that Idaho's lack of a survivor statute is inconsistent with § 1983, and thus should not be applied to preclude Plaintiffs' claims on behalf of the decedent, Crystal. The Court agrees.

Defendants cite a number of cases for the proposition that the forum state's law concerning survivorship is determinative of whether Plaintiffs have standing to bring claims on Crystal's behalf. The primary case, *Robertson*, is factually distinguishable for two reasons. First, the forum state in *Robertson*, Louisiana, had a state survival statute. Under that statute, a civil rights action could only survive in favor of a spouse, children, parents or siblings. *Id.* at 591. The statute precluded a personal representative from substituting on behalf of plaintiff in a civil rights action upon plaintiff's death. The *Robertson* Court concluded that the purpose of § 1983, to compensate those injured by civil rights violations, was not undermined by Louisiana's survivor statute.

Also in contrast to this case, the decedent's death in *Robertson* was unrelated to the constitutional violation alleged. Absent a connection between the constitutional violation and the death of alleged victim, § 1983's policy of deterrence is unaffected. In a state where the survivor law precludes a civil rights action, a constitutional violation that results in death would also preclude a remedy under § 1983 on decedent's behalf. In such circumstance, § 1983's purpose of deterrence is undermined. The court in *Robertson* made

simply because it causes a plaintiff to lose on her claim. *Id.* at 594. But where the purposes of § 1983 are thwarted, regardless of the impact on a particular plaintiff, the Court will decline to enforce the conflicting state law.

Plaintiffs here argue that Idaho's lack of a survivor statute is inconsistent with § 1983, and thus should not be applied to preclude Plaintiffs' claims on behalf of the decedent, Crystal. The Court agrees.

Defendants cite a number of cases for the proposition that the forum state's law concerning survivorship is determinative of whether Plaintiffs have standing to bring claims on Crystal's behalf. The primary case, *Robertson*, is factually distinguishable for two reasons. First, the forum state in *Robertson*, Louisiana, had a state survival statute. Under that statute, a civil rights action could only survive in favor of a spouse, children, parents or siblings. *Id.* at 591. The statute precluded a personal representative from substituting on behalf of plaintiff in a civil rights action upon plaintiff's death. The *Robertson* Court concluded that the purpose of § 1983, to compensate those injured by civil rights violations, was not undermined by Louisiana's survivor statute.

Also in contrast to this case, the decedent's death in *Robertson* was unrelated to the constitutional violation alleged. Absent a connection between the constitutional violation and the death of alleged victim, § 1983's policy of deterrence is unaffected. In a state where the survivor law precludes a civil rights action, a constitutional violation that results in death would also preclude a remedy under § 1983 on decedent's behalf. In such circumstance, § 1983's purpose of deterrence is undermined. The court in *Robertson* made

clear that it did not intend to address "a situation in which deprivation of federal rights caused death," as alleged here. *Robertson*, 436 U.S. at 594.[2]

Defendants also cite to *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365 (9th Cir. 1998). In that case, plaintiff family members pursued a § 1983 action on behalf of a decedent, asserting that his death resulted from excessive force by defendant police officer, in violation of the Fourth Amendment. *Id.* Nevada's survivor statute was almost a mirror image of the survivor statute at issue in Robertson, since it permitted the personal representative of a decedent's estate, but not family members, to bring an action on decedent's behalf. Thus, under Nevada law, plaintiffs' action was precluded. *Id.* As in *Robertson*, although the state survivor statute prohibited particular plaintiffs from pursuing relief on decedent's behalf, the states' laws limited who could bring the action, but still provided a remedy -- consistent with the purpose and intent of § 1983.

Remarkably, only three circuits – the Fifth, Seventh, and Tenth – have squarely address the issue here -- whether state law precluding a survivor action under § 1983 is inconsistent with the purposes of § 1983, where the alleged constitutional violation is the cause of death. In each case addressing the issue, the circuit court declined to apply state laws limiting or precluding civil rights claims, and instead allowed the survivor actions to proceed. *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961); *Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); *Berry v. City of Muskogee*, 900 F.2d 1489, 1501 (10th Cir. 1990).

---

[2] Cases cited by Defendants addressing Idaho's lack of a survivor law are similarly distinguishable, as the decedents' deaths were unrelated to the alleged constitutional violations. *See Evans v. Twin Falls Cy.*, 796 P.2d 87 (Idaho 1990); *Anderson v. CMS*, 2005 WL 3263896 (D. Idaho 2005).

Defendants did not cite, nor did the Court find, a case from the Ninth Circuit or any other circuit court with a contrary result.

The Court thus concludes, in keeping with *Brazier*, *Bell*, and *Berry*, that Idaho's lack of a survivor statute conflicts with § 1983's purposes of providing a remedy for, and deterring constitutional violations. Accordingly, the Court will permit Plaintiffs to proceed on behalf of Crystal Bannister.

**2.    Plaintiffs' Remaining Claims**

In light of the above findings, the Court need not address Defendants' argument that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state negligence claim.

Also, Plaintiffs have filed a motion to amend their complaint to include a cause of action under § 1983 for violations of Plaintiffs' constitutional rights. The Court will rule on that motion, which was not yet ripe at the time of oral argument on Defendants' motion to dismiss, by separate decision. That cause of action, which was not part of Plaintiffs' initial complaint, was not addressed in Defendants' motion to dismiss, and will therefore not be addressed here.

## ORDER

**IT IS ORDERED THAT**:

1.    Defendant's Motion to Dismiss (Dkt. 23) is **DENIED.**

2.    As agreed by counsel at hearing, Plaintiffs' Eighth Amendment claim is dismissed and should be omitted from the amended complaint.

3.  The Order Staying Discovery (Dkt. 29), entered 1/24/11 (Dkt. 29), is

    **LIFTED.**



DATED: March 4, 2011

B. Lynn Winmill
Chief Judge
United States District Court