UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN K. VAN ORDEN, Personal Representative of the Estate of Crystal Rhea Bannister; ROBERT BANNISTER, a legal heir of Crystal R. Bannister; and MICHELLE WALESKE, a legal heir of Crystal R. Bannister,<br><br>            Plaintiffs,<br><br>   v.<br><br>CARIBOU COUNTY; CARIBOU COUNTY SHERIFF'S DEPARTMENT; RIC L. ANDERSON, in his individual and official capacities; MICHAEL HADERLIE, in his individual and official capacities; BROCK LOPEZ, in his individual and official capacities; HEATH S. DOWNS; BRANDY BREDEHOFT; JUDY PROBART LONG; JODI SUTER; BRETT SMITH; and JOHN DOES 1-10,<br><br>            Defendant. | Case No. 4:10-CV-385-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiffs' Motion to Amend Complaint (Dkts. 33, 37). The matter is fully briefed, and the Court has determined that oral argument would not significantly assist the decisional process. Accordingly, the Court will consider the

motion without a hearing. Being familiar with the record and pleadings, the Court will grant the Motion as more fully expressed below.

## BACKGROUND

Plaintiff Alan Van Orden is the personal representative of the estate of Crystal R. Bannister. Crystal was in custody at the Caribou County Jail when she committed suicide by hanging herself in her jail cell. Plaintiffs Robert Bannister and Michelle Waleske are Crystal's parents and the legal heirs to her estate. Plaintiffs bring this action, primarily under 42 U.S.C. § 1983, against Caribou County, the Caribou County Sheriff's Department, and employees of the Caribou County Jail at the time of Crystal's death. In the initial Complaint (Dkt. 1), Plaintiffs asserted violations of Crystal's Eighth and Fourteenth Amendment rights, as well as a state cause of action for negligence. Plaintiffs now move to amend the Complaint to include violation of Bannister's and Waleske's First and Fourteenth Amendment rights. Defendants oppose the motion.

## ANALYSIS

Under Rule 15, "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). The policy set forth in Rule 15, that leave to amend should be given "when justice so requires," *id.*, should be applied "with extreme liberality." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009)(other citations omitted). The court evaluates whether to permit amendment by determining the presence of any of the following factors: bad faith, undue delay, prejudice to the opposing party, and futility. *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010)(other citations omitted).

In opposing the motion, Defendants argue that Plaintiffs assert only new legal theories – not new facts – thus there is no valid explanation why Plaintiffs did not fully develop the proposed claim in their original complaint. Defendants acknowledge that, despite contrary rulings from sister circuits, Ninth Circuit precedent appears to support Plaintiffs' claim of injury to their constitutionally protected interest in the companionship and society of their child. See [Kelson v. City of Springfield, 767 F.2d 651 (9th Cir. 1985)](.).[1] Defendants do not clearly indicate which of the four factors they argue are present, so as to defeat amendment. The Court finds that Defendants' arguments raise no concerns regarding bad faith, prejudice, or futility.

With respect to undue delay, Plaintiffs correctly note that their motion to amend was filed before the deadline for amendment in the agreed Case Management Plan (Dkt. 22). The Court agrees with Defendants that Plaintiffs do not assert newly discovered facts, and thus could have developed their proposed claim in the initial complaint. However, given the agreed deadline to amend the complaint (25 days after Plaintiffs filed their Motion, Dkt. 33, and 15 days after Plaintiffs filed their Amended Motion, Dkt. 37), the Court finds that Plaintiffs' motion is timely.

Outside of the timing of Plaintiffs' motion, Defendants emphasize that Plaintiffs cite no new facts, only a new legal theory. Defendants cite a number of cases to support

---

[1] Defendants cite a federal district court case within the Ninth Circuit, critical of the Ninth Circuit's analysis on the issue of a parent's right to bring companionship claims regarding an adult child, where the alleged deprivation is incidental to state action. [Rentz v. Spokane Cy., 438 F.Supp.2d 1252, 1264 (E.D. Wash. 2006)](.). Even there, Defendants acknowledge, the district court recognized that the Ninth Circuit precedent was binding authority upon it. [Id. at 1265](.).

denial of a motion to amend on this basis. The Court finds those cases distinguishable.

In one, the motion to amend was submitted with a motion for reconsideration "after the trial court had heard and granted dismissal motions." *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982). There, the appellate court noted, "[t]he district court did not abuse its discretion in refusing to permit such late amendment." *Id.* In another, citing *Stein*, the Ninth Circuit found no abuse of discretion for a district court to dismiss without leave to amend, where the plaintiff raised "his new theory for the first time on appeal." *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 570-71 (9th Cir. 1987). In both those cases, in contrast to this case, the matters were dismissed without leave to amend.

In a third case cited by Defendants, the Ninth Circuit again found no abuse of discretion by the trial court in dismissing without leave to amend, citing a fifth factor to consider in assessing the propriety of a motion for leave to amend: whether plaintiff had previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). In that case, the plaintiff had twice amended his complaint. *Id.* Here, Plaintiffs have not previously sought leave to amend; on consideration of this fifth factor, the Court finds leave to amend appropriate.

Finally, in the fourth case cited by Defendants, the court noted that the plaintiff there attempted to raise claims of which he was clearly aware, "only two months after assuring the court that [he] had no other claims to raise." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In addition to this evidence of bad faith, the court there noted that

amendment would be futile. *Id.* at 846. In *Bonin*, as in the other cases cited by Defendants, the fact that plaintiff had no new facts – only new theories, was not the sole basis for denying leave to amend. There being no sufficient grounds to outweigh the "strong public policy permitting amendment," the Court will grant Plaintiffs' motion. *Id.* at 845 (other citation omitted).

## ORDER

**IT IS ORDERED THAT:** Plaintiffs' Motion for Leave to Amend (Dkts. 33, 37) is **GRANTED**.

DATED: **March 30, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge