UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN K. VAN ORDEN, Personal Representative of the Estate of Crystal Rhea Bannister; ROBERT BANNISTER, a legal heir of Crystal R. Bannister; and MICHELLE WALESKE, a legal heir of Crystal R. Bannister,<br><br>Plaintiffs,<br><br>v.<br><br>CARIBOU COUNTY; CARIBOU COUNTY SHERIFF'S DEPARTMENT; RIC L. ANDERSON, in his individual and official capacities; MICHAEL HADERLIE, in his individual and official capacities; BROCK LOPEZ, in his individual and official capacities; HEATH S. DOWNS; BRANDY BREDEHOFT; JUDY PROBART LONG; JODI SUTER; BRETT SMITH; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 4:10-cv-385-BLW<br><br>**ORDER ON MOTIONS TO COMPEL AND TO LIMIT DISCOVERY** |

Before the Court are Plaintiffs' Motion to Compel (Dkt. 62), and Defendants'

Motion to Limit Discovery (Dkt. 63). On July 20, 2011, the Court conducted an informal

telephone conference at the parties' request, regarding discovery disputes in this matter.

The Court set expedited deadlines for briefing, with which the parties have complied. The

MEMORANDUM DECISION AND ORDER - 1

Court having reviewed the pleadings and being familiar with the record, now enters the following order, granting in part, and denying in part, the parties' motions.

## DISCUSSION

Plaintiffs first served discovery requests on Defendants in November 2010, including requests for the Idaho Sheriff's Association's inspections of the Caribou County Jail from 2000 to the present. Defendants have now provided documents responsive to this request from 2005 to the present. Defendants assert that documents prior to 2005 are not reasonably calculated to lead to the discovery of admissible evidence because they concern a different facility; the facility at issue in this case, where Crystal Bannister committed suicide in August 2009, was newly built in 2005 and differs from the older Canyon County Jail in its "funding[,] . . . layout, operations, staffing, and purpose." *Def. Br.*, Dkt. 63 at 4.

Plaintiffs contend that the physical differences between the old and new jail facilities should not preclude their requested discovery. The admissibility inquiry should be guided instead – Plaintiffs maintain – by what Plaintiffs must show to prove their claims under § 1983. *Pl. Br.*, Dkt. 62 at 4. To establish liability of a municipality under § 1983, a plaintiff must demonstrate (1) deprivation of a constitutional right, (2) a persistent and widespread policy or custom that was the moving force behind the constitutional violation, and (3) that the policy or custom amounted to deliberate indifference of the constitutional right. *Monell v. Dept. of Soc. Svs. of City of New York*, 436 U.S. 658, 691 (1978); *Mabe v. San Bernardino Cy. Dept. of Pub. Soc. Svs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

According to Plaintiffs, the already-obtained discovery supports that Defendants were aware of risks posed by understaffing in the jail, and also that Defendants had a "long-standing practice or custom" of failing to properly staff the jail. *Pl's. Br.*, Dkt. 62 at 5. Plaintiffs argue that, in light of the broad scope of discovery permitted under rule 26, the evidence supports that Plaintiffs' request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiffs assert they are entitled to another 10 years of documents – from 1990 to 2000. Plaintiffs further request discovery sanctions against Defendants under Rule 37, in the form of attorney fees and costs incurred as a result of Plaintiffs' inability to obtain complete and timely responses to their discovery requests.

The Court finds that sanctions are not warranted here, as Defendants appear to have acted in good faith. The Court will therefore deny Plaintiffs' requests for discovery sanctions against Defendants. However, the Court notes that the documents, to the extent they bear upon staffing decisions, have fairly obvious relevance to Plaintiffs' action. The Court expects the parties to continue working in good faith toward timely resolution of discovery disputes if and when they arise.

With respect to the request for documents pertaining to jail inspection reports, the Court agrees with Plaintiffs that additional discovery of inspection reports for the prior Caribou County Jail is appropriate. However, the Court finds that the significance and admissibility of such reports diminishes over time. Thus, the Court will grant Plaintiffs request for discovery responsive to Interrogatories 56 – 59, for years 2000 through 2004.

But before Defendants would be required to provide reports older than 2000, Plaintiffs must make specific showings to the Court that such additional discovery is likely to lead to admissible evidence.   At this time, the likelihood that discovery prior to 2000 would be permitted is dubious at best.

## ORDER

**IT IS ORDERED THAT**:

1. Plaintiff's Motion to Compel (Dkt. 62) is **DENIED** in part, and **GRANTED** in part.  Defendant's Motion to Limit Discovery (Dkt. 63) is **DENIED** in part, **GRANTED** in part.

2. Defendants shall provide discovery responsive to Interrogatories 56-59, for years 2000 through 2004.  Defendants shall not be required to provide discovery responsive to the request for any time prior to 2000 unless and until Plaintiffs provide more specific evidence to the Court that further responses are likely to lead to the discovery of admissible evidence.

3. Plaintiffs' Motion for Discovery Sanctions (Dkt. 62) is **DENIED.**

DATED: August 29, 2011

B. Lynn Winmill
Chief Judge
United States District Court