UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN K. VAN ORDEN, Personal Representative of the Estate of Crystal Rhea Bannister; ROBERT BANNISTER, a legal heir of Crystal R. Bannister; and MICHELLE WALESKE, a legal heir of Crystal R. Bannister,<br><br>    Plaintiffs,<br>  v.<br><br>CARIBOU COUNTY; CARIBOU COUNTY SHERIFF'S DEPARTMENT; RIC L. ANDERSON, in his individual and official capacities; MICHAEL HADERLIE, in his individual and official capacities; BROCK LOPEZ, in his individual and official capacities; HEATH S. DOWNS; BRANDY BREDEHOFT; JUDY PROBART LONG; JODI SUTER; BRETT SMITH; and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 4:10-CV-00385-BLW<br><br>**ORDER ON MOTION TO CLARIFY AND FOR RECONSIDERATION** |

      Before the Court is Defendants' Motion to Clarify Order and for Reconsideration

(Dkt. 67) of Order on Motions to Compel and to Limit Discovery (Dkt. 66).  Having

reviewed the Motion and attachments and being familiar with the record, the Court will deny the Motion and Clarify its Order as follows.

## LEGAL STANDARD FOR RECONSIDERATION

Reconsideration of a court's prior ruling is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## DISCUSSION

The parties each filed discovery motions, with permission from the Court, on an expedited timeline. Plaintiffs sought to compel discovery (Dkt. 62), and Defendants sought to limit discovery (Dkt. 63). In its decision, the Court determined that jail inspection reports requested by Plaintiffs, "to the extent they bear upon staffing decisions, have fairly obvious relevance to Plaintiffs' action." *Order*, Dkt. 66 at 3. In so finding, the Court noted Plaintiffs' argument that Defendants "were aware of risks posed by understaffing in the jail." *Id.* (citing *Pl's. Br.*, Dkt. 62 at 5).

As noted by Defendants in its Motion to Clarify and for Reconsideration, Plaintiffs' Amended Complaint (Dkt. 52) does not specifically assert *under*staffing. However, Plaintiffs allege numerous deficiencies with the jail's staffing, asserting negligence in policies to address inmate medical needs, and also negligence as to the

training, direction, supervision, assignment, and entrustment of employees. *Am. Compl.*, Dkt. 52. The Court now clarifies that, in finding that the jail inspection reports are relevant, the Court recognizes a connection between Plaintiffs' allegations of negligent staffing – whether or not such allegations refer to adequacy of the number of staff, and evidence that may be discovered in jail inspection reports.

In the Motion to Reconsider, Defendants assert error as grounds for reconsideration. Defendants argue that Plaintiffs have failed to plead a valid inadequate staffing claim under § 1983. The Court disagrees. For reasons expressed above, the Court finds that Plaintiffs have asserted a cognizable claim of inadequate staffing so as to warrant the Court's Order compelling production of jail inspection reports for the years 2000 through 2004, not previously provided. Accordingly, Defendants' Motion for Reconsideration will be denied.

## ORDER

IT IS ORDERED THAT:

1. The Court clarifies its Order (Dkt. 66) as set forth above.

2. Defendants' Motion for Reconsideration (Dkt. 67) is **DENIED**.

DATED: September 20, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court