UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN K. VAN ORDEN, Personal Representative of the Estate of Crystal Rhea Bannister; ROBERT BANNISTER, a legal heir of Crystal R. Bannister; and MICHELLE WALESKE, a legal heir of Crystal R. Bannister,<br><br>    Plaintiffs,<br> v.<br><br>CARIBOU COUNTY; CARIBOU COUNTY SHERIFF'S DEPARTMENT; RIC L. ANDERSON, in his individual and official capacities; MICHAEL HADERLIE, in his individual and official capacities; BROCK LOPEZ, in his individual and official capacities; HEATH S. DOWNS; BRANDY BREDEHOFT; JUDY PROBART LONG; JODI SUTER; BRETT SMITH; and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 4:10-CV-00385-BLW<br><br>**ORDER ON MOTION TO COMPEL** |

  Before the Court is Plaintiffs' Motion to Compel Compliance with Subpoena (Dkt. 68). The Court having reviewed the parties' pleadings and being familiar with the record will deny the motion in part and grant in part, as more fully expressed below.

ORDER ON MOTION TO COMPEL - 1

## BACKGROUND

Crystal R. Bannister was in custody at the Caribou County Jail on August 25, 2009, when she committed suicide by hanging herself in her jail cell. Plaintiffs are Crystal's parents and legal heirs, and the personal representative of Crystal's estate. Defendants include Caribou County, the Caribou County Sheriff's Department, and employees of the Caribou County Jail at the time of Crystal's death. Plaintiffs filed this action under 42 U.S.C. § 1983 for violations of Crystal's rights under the Eighth and Fourteenth Amendments, and for negligence. Plaintiffs now move to compel compliance with a subpoena duces tecum served on Caribou County Memorial Hospital and Living Center. The motion includes, but is not limited to, a request for records from and regarding Defendant Brett Smith. Mr. Smith is a physician's assistant with Caribou Memorial Hospital who was a part-time employee of the Caribou County Jail at the time of Crystal's death.

## DISCUSSION

Plaintiffs request documents reflecting the whereabouts, work, and other activities of Brett Smith on August 25, 2009, the day of Crystal's death. According to Plaintiffs, these documents are sought in direct response to testimony offered by Mr. Smith at his deposition. Mr. Smith testified in his deposition that his employment with the Caribou County Jail was limited to visits on Mondays and Thursdays during his lunch hour. *Smith Dep.* 50:1-5, Dkt. 69-3 at 3. The day in question, August 25, 2009 was a Tuesday, and not one of Mr. Smith's scheduled visits to the jail. It appears to be undisputed that

Crystal arrived at the Caribou County Jail close to noon on that day, and that her suicide was discovered around 8:30 that evening. *Hosp. Resp.*, Dkt. 73 at 4; *Pl. Reply*, Dkt. 76 at 4. When asked what prevented Mr. Smith from going to the jail that day to talk to Crystal, Mr. Smith testified that he had a busy schedule covering his hospital and emergency room patients, outside of the jail. *Id.* 195:17-25. Although Mr. Smith had regular "clinic" hours during which he visited the jail and provided care to those detained in the jail, Mr. Smith was able to, and did, provide limited services other than scheduled, face-to-face medical care. *Id.* Employees of the jail apparently understood that these limited services included approving the administration of prescribed medications. *Bredehoft Dep.*, Dkt. 69-1, at 165-70.

The Court finds that the requested documents are within the scope of discoverable evidence, in light of Mr. Smith's and Deputy Bredehort's testimonies. Given the Court's Order of Protection, requiring redaction of confidential health care information, there is no HIPAA concern that suggests Plaintiffs' subpoena should be quashed.

As a named defendant, the Court finds that Mr. Smith's personnel file is not subject to discovery at this time. Mr. Smith's employment with the jail was undisputedly limited, and Plaintiff does not challenge that Mr. Smith was not scheduled to visit the jail on the day of Crystal Bannister's death. Plaintiffs have not provided any specificity for their claim that the requested file is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Therefore, the Court will not compel discovery of Smith's personnel file.

Finally, with regard to correspondence between Caribou Memorial Hospital and the Caribou County Sheriff's Department, the Court will require disclosure, but with limitations. Testimonies by Mr. Smith, Deputy Downs, and Deputy Bredehoft raise valid questions regarding the policies and understanding between the jail and the hospital concerning medical staffing for the jail. *See Downs Dep.*, Dkt. 69-2; *Bredehoft Dep.*, Dkt. 69-1. The Court will require disclosure of documents during the time period requested by Plaintiffs – January 1, 2000 to the present – but limited to those documents pertaining to the policies, understanding, and agreement between the jail and the hospital with respect to medical staffing for the jail.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiffs' Motion to Compel (Dkt. 68) is **GRANTED** in part, **DENIED** in part, as consistent with this decision.

2. Caribou Memorial Hospital shall be required to provide the following to Plaintiffs: (a) documents related to consultation or treatment rendered by Defendant Brett Smith on August 25, 2009, with redactions required under the Court's Protection Order; and (b) documents in Caribou Memorial Hospital's possession, but limited to those regarding its agreement to provide medical staffing at Caribou County Jail.

3. Caribou Memorial Hospital shall not be required to provide Plaintiffs with copies of Defendant Brett Smith's personnel file.



DATED: October 13, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court

**ORDER ON MOTION TO COMPEL - 5**