UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN K. VAN ORDEN, Personal Representative of the Estate of Crystal Rhea Bannister; ROBERT BANNISTER, a legal heir of Crystal R. Bannister; and MICHELLE WALESKE, a legal heir of Crystal R. Bannister,<br><br>                Plaintiffs,<br>   v.<br><br>CARIBOU COUNTY; CARIBOU COUNTY SHERIFF'S DEPARTMENT; RIC L. ANDERSON, in his individual and official capacities; MICHAEL HADERLIE, in his individual and official capacities; BROCK LOPEZ, in his individual and official capacities; HEATH S. DOWNS; BRANDY BREDEHOFT; JUDY PROBART LONG; JODI SUTER; BRETT SMITH; and JOHN DOES 1-10,<br><br>                Defendants. | Case No. 4:10-CV-385-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Motions for Attorney Fees (Dkts. 161, 163) by Defendant Smith and Defendants Caribou County, the Caribou County Sheriff's Department, Ric L. Anderson, Michael Haderlie, Brock Lopez, Heath S. Downs, Brandy Bredehoft, Judy Probart Long, and Jodi Suter (collectively, County Defendants). The Motions are fully

MEMORANDUM DECISION AND ORDER - 1

briefed and at issue.  The Court has determined that oral argument would not significantly assist the decisional process and will therefore consider the matters without a hearing.  Being familiar with the record and having considered the parties' briefing, the Court will deny the Motions (Dkts. 161, 163), for reasons set forth in this decision.

## BACKGROUND

On August 25, 2009, Chrystal Rhea Bannister committed suicide while in custody at Caribou County jail.  Plaintiffs Van Orden, Bannister, and Waleske – Chrystal's personal representative and parents – sued Caribou County and a number of its employees, as well as the County jail's contracted physician's assistant, Brett Smith.  Plaintiffs alleged negligence and constitutional violations under 42 U.S.C. § 1983, among other claims.  The County Defendants, Defendant Smith, and Plaintiffs each moved for summary judgment.  On June 8, 2012, the Court entered its Memorandum Decision and Order (Dkt. 154) granting summary judgment to Defendants, and denying summary judgment to Plaintiffs.

Defendants now move for attorney fees (Dkts. 161, 163).

## LEGAL STANDARD

A court may award reasonable attorney fees and costs to the prevailing party in an action brought under 42 U.S.C. § 1983.  42 U.S.C. § 1988(b).  The parties here do not dispute that Defendants prevailed on motions for summary judgment.  However, where defendant is the prevailing party, § 1988 only allows attorney fees for those claims found to be "frivolous, unreasonable, or without foundation." *Fox v. Vice*, 131 S.Ct. 2205, 2213

(2011) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)).  In *Fox v. Vice*, the Supreme Court noted that one or more reasonable allegations will not immunize a plaintiff against attorney fees for frivolous claims also in the complaint.  *Id.* at 2214.  Thus the Court must consider whether any of Plaintiffs' claims were frivolous.

In determining whether claims were frivolous so as to warrant attorney fees, the district court must evaluate the claims at the time the complaint was filed.  *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).  This means the court must avoid concluding that a claim was unreasonable or unfounded simply because it ultimately failed.  *Christiansburg*, 434 U.S. at 421.

## ANALYSIS

In this case, Defendants brought a motion to dismiss the initial complaint, for failure to state a claim on which relief could be granted.  *Motion*, Dkt. 23.  After considering the complaint and parties' oral and written arguments, the Court denied the motion.[1]  *Order on Mot. Dism.*, Dkt. 47.  Thus, accepting the factual allegations as true, the Court concluded that the initial complaint stated a plausible claim for relief.  Consistent with that decision, the Court now finds that Plaintiffs' initial claims, although ultimately unsuccessful, were not unfounded.

---

[1] Because Plaintiffs conceded the Eighth Amendment was inapplicable here, the Court directed Plaintiffs to exclude that claim from their amended complaint.  *Order on Mot. to Dism.*, Dkt. 47 at 4.

Indeed, the Court's decision granting summary judgment[2] to Defendants was based on careful review of the record developed through months of discovery. *Order on Mots. for Summ. Jmt.*, Dkt. 154. In that decision, the Court concluded that Plaintiffs failed to show that a genuine issue of fact remained to support their claims of deliberate indifference to Crystal Bannister's constitutional rights. Because those constitutional claims failed, the Court also dismissed the remaining claims premised on a successful deliberate indifference claim: the institutional claims under *Monell v. Dept. of Soc. Svcs. of New York City*, 436 U.S. 658 (1978), and the claim – added in the amended complaint – for deprivation of familial rights. *First Am. Compl.*, Dkt. 52.

Although the record left no genuine material issue of fact for trial, the Court cannot conclude that Plaintiffs' claims were frivolous or unreasonable at the time the complaint and amended complaint were filed. Arguing otherwise, Defendants contend that Plaintiffs' suit was plainly at odds with the Ninth Circuit's holding in *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011 (9th Cir. 2010). In *Simmons*, the Ninth Circuit considered an action against various jail personnel, by parents of a pretrial detainee who committed suicide while in custody. *Id.* The *Simmons* court held that, to establish deliberate indifference, a plaintiff must show that defendants were subjectively aware of

---

[2] In their opposition to attorney fees, Plaintiffs contend that they asserted a wrongful death claim against Defendants pursuant to Idaho common law. *Opp.*, Dkt. 165 at 6-7. However, Plaintiffs' Amended Complaint plainly did not assert a wrongful death action under Idaho Code § 5-311. *First Am. Compl.*, Dkt. 52 at 12-13. Plaintiffs' prayer for relief requested wrongful death damages on their first and second causes of action under § 1983, but not on their third cause of action, which asserted negligence. *Id.* at 13-14.

a serious medical need, but disregarded it. *Id.* at 1017-18. Mere imprudence or negligence does not suffice. *Id.* at 1020.

The Court agrees that *Simmons*, decided just over a month before Plaintiffs' suit was filed, controls the outcome here. However, the fact that Plaintiffs pursued this action despite *Simmons* does not demonstrate that the action was frivolous or unreasonable. In the Court's view, the decision to pursue this action reflects Plaintiffs' honest, but ultimately mistaken, belief that they would be able to establish at trial that the Defendants (1) were subjectively aware of a serious risk that Crystal would attempt suicide, and (2) chose to ignore the risk. For that reason, Defendants are not entitled to attorney fees. The Court will therefore deny the motions.

## ORDER

**IT IS ORDERED THAT:**

1. The Defendant Smith's Motion for Attorney Fees (Dkt. 161) is **DENIED**.

2. The County Defendants' Motion for Attorney Fees and Non-Taxable Costs (Dkt. 163) is **DENIED**.

DATED: October 25, 2012

B. Lynn Winmill
Chief Judge
United States District Court