UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN K. VAN ORDEN, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CARIBOU COUNTY, *et. al.*, <br><br> Defendants. | Case No. 4:10-cv-00385-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Plaintiff's Motion and Memorandum to Permit Additional Discovery (Dkt. 181). For the reasons explained below, the Court will grant the motion.

## LEGAL STANDARD

Plaintiffs ask the Court to re-open discovery for the limited purpose of addressing Caribou County's knowledge of the Rocky Mountain Corrections Report. This case is on remand from the Ninth Circuit. Accordingly, the deadline for completing discovery set forth in the Case Management Order has obviously passed. Plaintiffs therefore must show good cause to justify reopening discovery. Fed.R.Civ.P. 16(b).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) (quoting Fed.R.Civ.P. 16

advisory committee's notes (1983 amendment)). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (citation and internal quotation marks omitted).

**ANALYSIS**

Plaintiffs have met their burden. The Rocky Mountain Corrections Report should have been provided to Plaintiffs early in this case pursuant to discovery requests – at least a year before dispositive motions were due. However, it was not provided to them until after Plaintiffs noticed up the 30(b)(6) deposition of Rocky Mountain Corrections, Inc. At that point, Plaintiffs had very limited time to review the document and conclude discovery, which was all but finished.

Defendants explain that counsel for Caribou County was not aware of the report until the day it produced it to Plaintiffs, so it could not have provided it to Plaintiffs any earlier. This may be true. However, that does not mean Plaintiffs were not diligent in seeking the document, or that they were not disadvantaged by the late disclosure. Accordingly, the Court finds that Plaintiffs should be afforded an opportunity to do limited discovery on the matter.

To that end, the Court will re-open discovery for the limited purpose of allowing Plaintiffs to do discovery concerning Caribou County's knowledge of the report. Such discovery must be completed within approximately 45 days of the date of this Order.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion and Memorandum to Permit Additional Discovery (Dkt. 181) is **GRANTED**. Plaintiffs may conduct limited discovery concerning Caribou County's knowledge of the Rocky Mountain Corrections Report. Such discovery must be completed by **April 7, 2014**.

2. As discussed during the informal status conference, any motions to reconsider the Court's earlier decisions and motion to remand shall be filed after the limited discovery is completed. Such motions shall be filed no later than **April 28, 2014**.

DATED: February 21, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court